# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| HYEYOUNG BYUN, derivatively on behalf of NIKOLA CORPORATION,<br><br>       Plaintiff,<br>vs.<br><br>TREVOR MILTON, STEVE GIRSKY, STEVE SHINDLER, MARK RUSSELL, KIM J. BRADY, SOPHIA JIN, MIKE MANSUETTI, GERRIT MARX, LON STALSBERG, DEWITT THOMPSON, V, JEFF UBBEN, ROBERT GENDELMAN, SARAH W. HALLAC, RICHARD J. LYNCH, and VICTORIA MCINNIS,<br>       Defendants,<br>and<br><br>NIKOLA CORPORATION,<br><br>       Nominal Defendant. | Case No.: 20-cv-01277-CFC |
| PRAHANT SALGUOCAR, CYNTHIA M. LANGFORD, and NAHID HAJARIAN Derivatively on Behalf of NIKOLA CORPORATION,<br><br>       Plaintiffs,<br><br>vs.<br><br>STEVE GIRSKY, MARK RUSSELL, SOPHIA JIN, MIKE MANSUETTI, GERRIT MARX, STEVE SHINDLER, DEWITT THOMPSON, and JEFF UBBEN,<br><br>       Defendants,<br><br>-and-<br><br>NIKOLA CORPORATION,<br><br>       Nominal Defendant | Case No.: 20-cv-01404-CFC |

### JOINT STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, <u>ESTABLISHING A LEADERSHIP STRUCTURE & STAYING THE CASE</u>

WHEREAS, on September 23, 2020, plaintiff Hyeyoung Byun ("Plaintiff Byun") filed a shareholder derivative action on behalf of nominal defendant Nikola Corporation ("Nikola" or the "Company") in this Court alleging violations of Section 14(a) of the Exchange Act, breaches of fiduciary duty, unjust enrichment, abuse of control, and gross mismanagement against defendants Trevor Milton, Steve Girsky, Steve Shindler, Mark Russell, Kim J. Brady, Sophia Jin, Mike Mansuetti, Gerrit Marx, Lon Stalsberg, Dewitt Thompson, V, Jeff Ubben, Robert Gendelman, Sarah W. Hallac, Richard J. Lynch, and Victoria Mcinnis (collectively "Individual Defendants" and together with the Company, "Defendants"), captioned *Byun v. Milton, et al.*, Case No. 20-cv-01277-CFC (the "*Byun* Action");

WHEREAS, on October 19, 2020, plaintiffs Prahant Salguocar, Cynthia M. Longford, and Nahid Hajarian ("Plaintiffs Salguocar, Longford and Hajarian") filed another shareholder derivative action on behalf of the Nikola Corporation in this Court alleging breaches of fiduciary duty, gross mismanagement, waste of corporate assets, and violations of Sections 14(a) of the Exchange Act against certain of the Individual Defendants, captioned *Salguocar et al., v. Girsky, et al.*, Case No. 20-cv-01404-CFC (the "*Salguocar* Action");

WHEREAS, there are currently five pending putative class actions ("Securities Class Actions") against Nikola alleging violations of securities laws arising from statements and circumstances similar to those at issue in these derivative actions, styled as *Borteanu v. Nikola Corp. et al.*, Case No. 2:20-cv-01797 (Sept. 15, 2020, D. Ariz.), *Salem v. Nikola Corp. et al.*, Case No. 1:20-cv-04354 (Sept. 16, 2020, E.D.N.Y.), *Wojichowski v. Nikola Corp. et al.*, Case No. 2:20-cv-01819 (Sept. 17, 2020, D. Ariz.), *Malo v. Nikola Corp. et al.*, Case No. 5:20-cv-02168 (October

16, 2020, C.D. Cal.) and *Holzmacher v. Nikola Corp. et al.*, Case No. 2:20-cv-2123 (Nov. 3, 2020, D. Ariz.), collectively the "Securities Class Actions";

WHEREAS, on October 15, 2020, Plaintiff Byun and Defendants agreed that a temporary stay of the *Byun* Action would be appropriate in that it would better preserve the resources of the parties and the Court, and would more closely align the proceedings in the *Byun* Action with the proceedings in the Securities Class Actions (D.I. No. 7). This Court so ordered that stipulation on October 19, 2020;

WHEREAS, counsel for Defendants named respectively in the *Byun* Action and the *Salguocar* Action, hereinafter "Related Derivative Actions," have accepted service of the complaints, without waiver of or prejudice to any rights, arguments, or defenses any Defendant may have (other than those based solely on the failure to complete service), including but not limited to defenses based on lack of personal jurisdiction;

WHEREAS, counsel in the Related Derivative Actions agree the stay in the *Byun* action should be lifted at this time solely for the purposes of considering the instant stipulation and proposed order;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Related Derivative Actions challenge substantially the same alleged conduct and involve substantially the same questions of law and fact;

WHEREAS, the parties therefore respectfully submit that consolidation of the Related Derivative Actions is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and Nominal Defendant's resources, the Parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Gainey McKenna & Egleston, the respective resumes of which are attached hereto as Exhibits A and B, shall seek appointment as Co-Lead Counsel representing Plaintiffs in the consolidated action, subject to this Court's approval;

WHEREAS, Plaintiffs also agree that Farnan LLP and O'Kelly & Ernst, LLC shall seek appointment as Liaison Counsel representing plaintiffs in the consolidated action, subject to this Court's approval;

WHEREAS, without waiving any rights, arguments or defenses, Defendants agree the Related Derivative Actions should be consolidated and take no position regarding appointment of Lead Counsel or Liaison Counsel;

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW, THEREFORE, subject to the reservations of rights set forth above, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. The temporary stay agreed upon in the *Byun* Action and so-ordered by this Court on October 19, 2020 is lifted for the temporary and exclusive purpose of the filing of the instant stipulation and the Court's ruling thereon.

2. The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 20-cv-01277-CFC (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Byun v. Milton, et al.* | 20-cv-01277-CFC | September 23, 2020 |
| *Salguocar et al., v. Girsky, et al.* | 20-cv-01404-CFC | October 19, 2020 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE NIKOLA CORPORATION DERIVATIVE LITIGATION | Lead Case No. 20-cv-01277-CFC CONSOLIDATED |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 20-cv-01277-CFC.

5. Subject to this Court's approval, Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor

New York, NY 10017<br>
Telephone: (212) 983-1300<br>
Facsimile: (212) 983-0373<br>
Email: tjmckenna@gme-law.com<br>
Email: gegleston@gme-law.com

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Subject to this Court's approval, Liaison Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**FARNAN LLP**<br>
Brian E. Farnan (Bar No. 4089)<br>
Michael J. Farnan (Bar No. 5165)<br>
919 N. Market St., 12th Floor<br>
Wilmington, DE 19801<br>
Telephone: (302) 777-0300<br>
Facsimile: (302) 777-0301<br>
Email: bfarnan@farnanlaw.com<br>
Email: mfarnan@farnanlaw.com

**O'KELLY & ERNST, LLC**<br>
Ryan Ernst (Bar No. 4788)<br>
824 N. Market Street, Suite 1001A<br>
Wilmington, DE 19801<br>
Telephone: (302) 778-4000<br>
Email: rernst@oelegal.com

9. Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

10.  Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

11.  This Order shall apply to each derivative case filed on behalf of Nikola Corporation, arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. Any such subsequently filed action shall be consolidated into *In re Nikola Corporation. Derivative Litigation*, Lead Case No. 20-cv-01277-CFC as provided below in Paragraph 12.

12.  When a derivative case that properly belongs as part of *In re Nikola Corporation. Derivative Litigation*, Lead Case No. 20-cv-01277-CFC, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, counsel for either Defendants or Lead Plaintiffs shall call to the attention of the Clerk of the Court the filing, reassignment, or transfer of any case that might properly be consolidated as part of *In re Nikola Corporation. Derivative Litigation*, Lead Case No. 20-cv-01277-CFC, and Co-Lead Counsel shall assure that counsel in subsequent actions receive notice of this Order. Upon receiving such Order, counsel for the new action shall have ten (10) days to file papers as to why the new action should not be consolidated. Any party may thereafter file papers with respect to such filing within fourteen (14) days thereafter. All papers and documents previously filed and/or served in any of the cases consolidated herein shall be deemed a part of the record in this Consolidated Action.

13. After this Court's consideration of this proposed stipulation, the temporary stay agreed upon in the *Byun* Action and so-ordered by this Court on October 19, 2020 shall be reinstated, and shall control this Consolidated Action.

14. While the stay is temporarily lifted so that this Court can consider this proposed stipulation, Defendants shall not be required to respond to either the *Byun* or *Salguocar* Complaints.

15. This Stipulation is without prejudice to any and all defenses Defendants may assert in this or any of the above-referenced actions.


IN WITNESS WHEREOF, the parties, through their undersigned counsel, have executed this Stipulation as of this _____ November, 2020.

| | |
|---|---|
| **FARNAN LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| /s/ *Brian E. Farnan* | /s/ *Sabrina M. Hendershot* |
| Brian E. Farnan (Bar No. 4089) | William M. Lafferty (#2755) |
| Michael J. Farnan (Bar No. 5165) | Susan W. Waesco (#4476) |
| 919 N. Market St., 12th Floor | Sabrina M. Hendershot (#6286) |
| Wilmington, DE 19801 | 1201 N. Market Street |
| Telephone: (302) 777-0300 | Wilmington, DE 19801 |
| Facsimile: (302) 777-0301 | (302) 658-9200 |
| Email: bfarnan@farnanlaw.com | wlafferty@mnat.com |
| Email: mfarnan@farnanlaw.com | swaesco@mnat.com |
| | shendershot@mnat.com |
| *Counsel for Plaintiff Byun and [Proposed] Liaison Counsel for Plaintiffs* | |
| | OF COUNSEL: |
| OF COUNSEL: | |
| | Asheesh Goel, P.C. |
| Timothy Brown | Gabor Balassa, P.C. |
| **THE BROWN LAW FIRM, P.C.** | Whitney L. Becker |
| 240 Townsend Square | **KIRKLAND & ELLIS LLP** |
| Oyster Bay, NY 11771 | 300 N. LaSalle Street |
| (516) 922-5427 | Chicago, IL 60654 |
| (516) 344-6204 | (312) 862-2000 |
| tbrown@thebrownlawfirm.net | asheesh.goel@kirkland.com |
| | gbalassa@kirkland.com |
| *Counsel for Plaintiff Byun and [Proposed] Co-Lead Counsel for Plaintiffs* | whitney.becker@kirkland.com |
| | Jeremy A. Fielding |
| | **KIRKLAND & ELLIS LLP** |
| | 1601 Elm Street |
| | Dallas, TX 75201 |
| | (214) 972-1770 |
| | jeremy.fielding@kirkland.com |
| | Aaron Marks, P.C. |
| | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | (212) 446-4800 |
| | aaron.marks@kirkland.com |
| | *Counsel for Defendants Steve Girsky, Mark Russell, Kim Brady, Sophia Jin, Mike Mansuetti, Gerrit Marx, Lon Stalsberg, DeWitt Thompson V, Jeff Ubben and Nominal Defendant Nikola Corporation* |

| | |
|---|---|
| **O'KELLY & ERNST, LLC**<br><br>/s/ Ryan Ernst<br>Ryan Ernst (Bar No. 4788)<br>824 N. Market Street, Suite 1001A<br>Wilmington, DE 19801<br>(302) 778-4000<br>rernst@oelegal.com<br><br>*Counsel for Plaintiff Salguocar, Longford and Hajarian and [Proposed] Liaison Counsel for Plaintiffs*<br><br>OF COUNSEL:<br><br>**GAINEY McKENNA & EGLESTON**<br>Thomas J. McKenna<br>Gregory M. Egleston<br>501 Fifth Avenue, 19th Floor<br>New York, NY 10017<br>(212) 983-1300<br>tjmckenna@gme-law.com<br>gegleston@gme-law.com<br><br>*Counsel for Plaintiffs Salguocar, Longford and Hajarian and [Proposed] Co-Lead Counsel for Plaintiffs* | **CONNOLLY GALLAGHER LLP**<br><br>/s/ Henry E. Gallagher, Jr.<br>Henry E. Gallagher, Jr. (#495)<br>Lauren P. DeLuca (#6024)<br>1201 North Market Street, 20th Floor<br>Wilmington, DE 19801<br>(302) 888-6288<br>hgallagher@connollygallagher.com<br>ldeluca@connollygallagher.com<br><br>OF COUNSEL:<br><br>Bradley J. Bondi<br>Peter J. Linken<br>**CAHILL GORDON & REINDEL LLP**<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3000<br>bbondi@cahill.com<br>plinken@cahill.com<br><br>*Counsel for Defendant Trevor Milton*<br><br>**POTTER ANDERSON & CORROON LLP**<br><br>/s/ Jonathan A. Choa<br>Peter J. Walsh, Jr. (#2437)<br>Jonathan A. Choa (#5319)<br>Tracey E. Timlin (#6469)<br>P.O. Box 951<br>Hercules Plaza<br>Wilmington, DE 19899<br>(302) 984-6000<br>pwalsh@potteranderson.com<br>jchoa@potteranderson.com<br>ttimlin@potteranderson.com |

OF COUNSEL:

Ellen V. Holloman
Jaclyn A. Hall
**CADWALADER, WICKERSHAM & TAFT LLP**
200 Liberty Street
New York, NY 10281
(212) 504-6000
Stephen.fraidin@cwt.com
Ellen.holloman@cwt.com
Jaclyn.hall@cwt.com

*Counsel for Defendants Steve Shindler, Robert Gendelman, Sarah Hallac, Richard Lynch, and Victoria McInnis*

SO ORDERED this __16th__ day of November 2020.

_____
The Honorable Colm F. Connolly